**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3248
_____

YOEL OSHRI
a/k/a JOEL OSHRI,
                                                 Appellant

v.

PNC BANK, NATIONAL ASSOCIATION; MRS. BETTY
HARRISON, PNC Bank Garnishment Processing; MS.
TANISIA RICHARDSON, PNC Bank Case Manager; ALL
PERSONS UNKNOWN, CLAIMING ANY LEGAL or
EQUITABLE RIGHT, TITLE, ESTATE, LIEN, or
INTEREST IN THE PROPERTY DESCRIBED
IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE
or DEED, or ANY CLOUD ON PLAINTIFF'S TITLE
and/or DEED THERETO; DOES 1-20, INCLUSIVE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-17-cv-11594)
District Judge:  Honorable Brian R. Martinotti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 3, 2021
Before:  KRAUSE, BIBAS, and SCIRICA, Circuit Judges

(Opinion filed: January 6, 2022)
_____

OPINION[*]

———————

PER CURIAM

Yoel Oshri appeals from the order of the District Court granting defendants'
motion for summary judgment. We will affirm.

I.

In 2016, PNC Bank obtained a judgment of foreclosure on Oshri's residence in
Lakewood, New Jersey. That judgment has been affirmed. See PNC Bank, N.A. v.
Oshri, No. A-5121-15T4, 2018 WL 4997212 (N.J. Super. Ct. App. Div. Oct. 16, 2018).

After PNC Bank obtained its judgment, Oshri filed this federal suit against the
bank and two of its employees. He asserted six claims relating to the foreclosure. On
defendants' motion, the District Court dismissed Oshri's first and fourth claims under
Fed. R. Civ. P. 12(b)(1) and the Rooker-Feldman doctrine. (ECF Nos. 19-20.)[1]
Defendants later filed a motion for summary judgment on Oshri's remaining claims, and
the District Court granted it. (ECF Nos. 56-57.)[2] During this litigation, the court also

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Ct. of App. v. Feldman, 460 U.S.
462 (1983). These claims were Oshri's claims that PNC Bank (1) wrongfully caused his
mortgage default by seizing money in his PNC Bank account pursuant to a third-party's
writ of execution instead of applying that money toward his mortgage payments, and (2)
wrongfully brought its foreclosure proceeding, which Oshri claimed was invalid for the
same reason.

[2] Oshri's four remaining claims and the court's rulings were as follows. First, Oshri

2

denied Oshri's motions to stay a sheriff's sale of his residence, to set aside the sale after it was complete,[3] and to amend his complaint.[4]  Oshri appeals.[5]

II.

claimed that one of PNC Bank's employees fraudulently induced him to make a payment on the ground that it would end foreclosure proceedings.  The court held that Oshri produced no evidence on the elements of fraud.  Second, Oshri claimed that defendants violated the Fair Debt Collection Practices Act by attempting to collect a non-existent debt.  The court held both that this claim was untimely and that PNC Bank is not a "debt collector" under the Act.  Third, Oshri claimed that PNC Bank illegally "tampered" with state court records by causing the dismissal of his Answer, Affirmative Defenses and Third-Party Complaint in the foreclosure action.  The court held that Oshri alleged only a violation of criminal law that did not confer a private cause of action.  Fourth, Oshri claimed that PNC Bank's conduct in litigating the foreclosure action deprived him of due process.  The court held that this claim was barred by res judicata because Oshri unsuccessfully litigated it in the foreclosure action.

[3] The District Court held that Oshri's motions relating to the sheriff's sale were barred by the Rooker-Feldman doctrine and that Oshri's second motion also was barred by New Jersey's entire controversy doctrine.  (ECF Nos. 4, 40-41.)  We note that, after the District Court entered its final order in this case, the New Jersey Appellate Division affirmed the writ of possession obtained by the buyer at the sheriff's sale and rejected Oshri's arguments that the sale was invalid.  See Gelb v. Oshri, No. A-3435-18T1, 2020 WL 3097692 (N.J. Super. Ct. App. Div. June 11, 2020).

[4] In his motion to amend, Oshri essentially sought to reassert claims that the District Court already had dismissed.  A Magistrate Judge denied his motion for the reasons stated on the record at a status conference.  (ECF No. 48.)  (Oshri has not obtained a transcript of that conference, but defendants represent that the Magistrate Judge denied leave to amend as futile.)  Oshri appealed that ruling to the District Court, but the court denied his appeal because it was untimely.  (ECF No. 53.)

[5] We have jurisdiction under 28 U.S.C. § 1291.  We review de novo orders of dismissal under Rule 12(b)(1), see Semper v. Gomez, 747 F.3d 229, 235 n.2 (3d Cir. 2014), and orders granting summary judgment, see Geness v. Cox, 902 F.3d 344, 354 (3d Cir. 2018).  We may affirm on any ground supported by the record.  See id. at 361.

Oshri asserts that he is challenging all five of the District Court's orders. Oshri, however, largely fails to acknowledge the District Court's specific rulings and has not raised any meaningful challenge to those rulings. Defendants argue that Oshri has forfeited his challenges for this reason, and we tend to agree. Nevertheless, having carefully reviewed the record, we will affirm the District Court's disposition of Oshri's claims substantially for the reasons it explained.

We separately address only Oshri's first claim, which he identifies as the "core legal issue" and the "sole foundation for [his] entire Case in Chief." (Appellant's Br. at 1.) Oshri claims that PNC Bank caused his mortgage default by seizing money in his account pursuant to a levy resulting from a writ of execution obtained by High Point at Lakewood Condominium Association, Inc. High Point obtained that writ of execution during an action against Oshri for unpaid fees and other charges. Oshri claims that the writ of execution and resultant levy were invalid and that PNC Bank, instead of seizing money pursuant to the levy, should have applied it to his mortgage payments.

The District Court dismissed this claim for lack of subject-matter jurisdiction under the Rooker-Feldman doctrine. We need not decide whether this ruling was correct because this claim is barred by collateral estoppel, also called issue preclusion. See Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 277 (3d Cir. 2016) (holding that courts can apply claim preclusion before deciding their jurisdiction).[6] Collateral estoppel precludes

---

[6] Defendants argue that application of the Rooker-Feldman doctrine was correct because,

4

relitigation of an issue already decided by a New Jersey court when: (1) the issue is identical; (2) the issue was actually litigated; (3) the previous court issued a final judgment on the merits; (4) determination of the issue was essential to the judgment; and (5) the party against whom estoppel is asserted was a party or in privity with a party to the prior proceeding. See Del. River Port Auth. v. Fraternal Order of Police, 290 F.3d 567, 573 (3d Cir. 2002).

Each of these elements is satisfied here. Oshri raised his claim of wrongful seizure as a defense in the foreclosure proceeding, and the New Jersey Appellate Division rejected it as part of its judgment on the merits. See Oshri, 2018 WL 4997212, at *3 (rejecting Oshri's arguments on this point as "unpersuasive" because "PNC was obligated to honor" the levy, which made the funds in question "no longer the bank's or debtor's to control") (quotation marks omitted). Indeed, Oshri concedes that he raised this issue "at all times" in the foreclosure action. (Appellant's Br. at 1.) While Oshri also argues that "none of the Court[s] were willing to even consider this issue" (id.), Oshri is wrong—the Appellate Division specifically rejected Oshri's arguments on this point on the merits. That decision precludes Oshri from raising this issue again.

III.

inter alia, Oshri's claim already has been litigated in the foreclosure action. That argument is relevant to collateral estoppel and we address it in that context.

5

For these reasons, we will affirm the judgment of the District Court. Oshri's motion to strike Appellees' brief and supplemental appendix is denied.